**Jose Luis GALVEZ–GARCIA,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70936.

I & NS No. A74–821–784.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 14, 2001.

Before REINHARDT and TALLMAN, Circuit Judges, and DAMRELL,* District Judge.

MEMORANDUM **

Jose Luis Galvez–Garcia ("Galvez–Garcia") petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his motion to reopen his deportation proceedings. Galvez–Garcia failed to appear at his deportation proceeding, and was ordered deported *in absentia.* Galvez–Garcia sought to reopen his deportation hearing claiming exceptional circumstances based on the ineffective assistance of counsel. The IJ denied his motion to

---

* The Honorable Frank C. Damrell, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

reopen because Galvez–Garcia had not met the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988) for establishing a claim of ineffective assistance of counsel.[1] Galvez–Garcia appealed to the BIA, attaching new evidence that prima facie meets the requirements of *Lozada.* The BIA refused to consider the evidence on the ground that its role is to review the record, not create one.

Motions involving new evidence which are presented while an appeal is still pending are in appropriate circumstances to be treated as motions to remand. *See* 8 C.F.R. § 3.2(b)(1);[2] 8 C.F.R. § 3.2(c)(4).[3] Because Galvez–Garcia attached a "Motion to Reopen and Reconsider" to his Notice of Appeal to the BIA, his request to reopen and reconsider his case should have been treated by the BIA as a motion to remand to the IJ, under 8 C.F.R. § 3.2, for consideration of the *Lozada* evidence. *See Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987)("Since the appeal was pending and the Board had not yet 'rendered a decision,' ... the BIA properly treated their motion as a 'motion to remand to the immigration judge.' ").

Galvez–Garcia made a prima facie showing that he was eligible for the relief he sought, and explained the failure to introduce the new facts earlier. In his "Motion to Reopen and Reconsider," filed pro se, he set forth evidence that he met the *Lozada* requirements for reopening on the ground of ineffective assistance of counsel: (1) he presented evidence of his agreement with his attorney; (2) he asserted that he had attempted to contact his attorney regarding the ineffectiveness complaint; (3) he presented evidence that he had made a complaint to the state bar; and (4) he asserted prejudice from his counsel's ineffective assistance alleging that he was eligible for suspension of deportation and that grounds existed on which the Attorney General could have favorably exercised his discretion. He also explained that at the time he filed his petition before the IJ, "not being and [sic] attorney and without the benefit of competent counsel [he] was unable to comply with the Court orders and rules."

A decision by the BIA not to remand is reviewed for abuse of discretion. *Castillo–Perez v. INS,* 212 F.3d 518, 528 (9th Cir. 2000). Under the abuse of discretion standard, the decision of the BIA must be overturned if it was arbitrary, irrational or contrary to law. *Israel v. INS,* 785 F.2d 738, 739 (9th Cir.1986). Given that Galvez–Garcia had met the primary *Lozada* requirements by the time he reached the

---

1. Under *Lozada,* a petitioner must do the following: (1) present an affidavit setting out the terms of the petitioner's agreement with counsel; (2) notify counsel of his complaint and give counsel an opportunity to respond; (3) file a complaint with the state bar; and (4) show prejudice from counsel's ineffective assistance. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

2. The regulations governing motions to reconsider provide:

A motion to reconsider a decision rendered by an Immigration Judge ... that is pending when an appeal is filed with the Board, or that is filed subsequent to the filing with the Board of an appeal from the decision sought to be reconsidered, may be deemed a motion to remand the decision for further proceedings before the Immigration Judge ... from whose decision the appeal was taken.

8 C.F.R. § 3.2(b)(1).

3. The regulations governing motions to reopen provide:

A motion to reopen a decision rendered by an Immigration Judge ... that is pending when an appeal is filed with the Board, or that is filed while an appeal is pending before the Board, may be deemed a motion to remand the decision for further proceedings before the Immigration Judge ... from whose decision the appeal was taken.

8 C.F.R. § 3.2(c)(4).

BIA, and that his appeal and his motion had been filed pro se, and that the regulations set forth in 8 C.F.R. § 3.2 allow motions to reopen and reconsider to be treated as motions to remand if they are filed prior to or subsequent to the filing of an appeal with the BIA, as here, it was arbitrary and irrational for the BIA to fail to treat the petitioner's motion as a motion to remand. *See* 8 C.F.R. § 3.2.

We reverse the decision of the Board, and order it to remand to the Immigration Judge with directions to reconsider Galvez–Garcia's ineffective assistance of counsel claim, and, assuming the *Lozada* standard is met, to consider his application for suspension of deportation on the merits.

REVERSED and REMANDED.